# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* C.R. and A.R.

No. 19-0891 (Kanawha County 18-JA-701 and 19-JA-17)

**FILED**
**April 28, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father J.R., by counsel Michael M. Cary, appeals the Circuit Court of Kanawha County's September 12, 2019, order terminating his parental rights to C.R. and A.R.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Mindy M. Parsley, filed a response in support of the circuit court's order. The guardian ad litem, Jennifer R. Victor, filed a response on behalf of the children in support of the circuit court's order and a supplemental appendix. On appeal, petitioner argues that the circuit court erred by "not affording [him] a meaningful improvement period."[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November of 2018, the DHHR filed an abuse and neglect petition regarding C.R. upon allegations that petitioner attempted suicide, abused substances, and committed domestic violence in the home. Upon the filing of the petition, the circuit court ordered the DHHR to provide petitioner services, including random drug screening, parenting and adult life skills education, a

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]On appeal, petitioner does not raise an assignment of error regarding the termination of his parental rights.

1

psychological evaluation, and domestic violence counseling with individual therapy, among other services. Thereafter, the DHHR filed an amended petition to include child A.R.

In January of 2019, the circuit court held an adjudicatory hearing regarding the first petition, during which petitioner stipulated to the allegations of substance abuse. Accordingly, the circuit court found him to be an abusing parent of C.R. The circuit court also granted petitioner a post-adjudicatory improvement period. In May of 2019, the circuit court held an adjudicatory hearing in regard to the amended petition and found that petitioner abused and neglected A.R. by virtue of his substance abuse. During the hearing, the circuit court was presented with evidence that petitioner overdosed on heroin in February of 2019 and had to be revived with Narcan. The DHHR also presented evidence that petitioner tested positive for morphine in February of 2019. According to the DHHR, it obtained placement for petitioner in a long-term inpatient substance abuse treatment program, but petitioner refused to submit to that treatment and, instead, indicated that he would attend a short-term program. The DHHR also asserted that petitioner failed to comply with his parenting education services. Despite the evidence of petitioner's continued substance abuse and failure to fully participate in his improvement period, the circuit court nonetheless denied the DHHR's motion to terminate petitioner's improvement period at that time.

In July of 2019, the circuit court held a dispositional hearing and found that, despite extensive services from the DHHR, petitioner "failed to participate adequately in the services offered[] and failed to benefit from them." According to the record, petitioner "missed meetings with his service provider and visits with his children without adequate reason" and also lied about maintaining contact with C.R.'s mother, despite the fact that her parental rights were previously terminated. Additionally, the evidence established that petitioner "failed to take responsibility for his substance abuse problems and his parenting deficiencies." As such, the circuit court found that there was no reasonable likelihood petitioner could substantially correct the conditions of abuse and neglect in the near future and that termination of his parental rights was necessary for the children's welfare. Accordingly, the circuit court terminated petitioner's parental rights.[3] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the

---

[3]C.R.'s mother's parental rights were also terminated and the permanency plan for the child is adoption in the current foster placement. The permanency plan for A.R. is to remain in the nonabusing mother's custody.

evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner's lone assignment of error is that the circuit court "committed error by not affording [him] a meaningful improvement period." It is unclear what, specifically, petitioner is asserting, given that the circuit court granted petitioner a post-adjudicatory improvement period with ample services offered to address the specific issues of abuse and neglect that necessitated the petitions' filings. However, given that petitioner argues that "[a]t the time of his termination, [he] was attending . . . inpatient substance abuse treatment," the Court will treat this assignment of error as one asserting that petitioner should have been entitled to an extension of his post-adjudicatory improvement period. Upon our review, however, we find no error.

This Court has routinely held that the decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015) ("West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period."); Syl. Pt. 6, in part, *In re Katie S.*, 198 W. Va. 79, 479 S.E.2d 589 (1996) ("It is within the court's discretion to grant an improvement period within the applicable statutory requirements . . . ."). This discretion includes decisions governing extensions of post-adjudicatory improvement periods, which, pursuant to West Virginia Code § 49-4-610(6), may be granted "when the court finds that the respondent has substantially complied with the terms of the improvement period." Here, the circuit court expressly found that petitioner "failed to complete his post-adjudicatory improvement period successfully" because of his failure to adequately participate in the services offered and his continued substance abuse. On appeal, petitioner asserts, without any citation to the record, that he was participating in inpatient substance abuse treatment at the time of disposition. Regardless of his last minute actions, petitioner's argument ignores the fact that for the entirety of the improvement period below, he was noncompliant with the terms and conditions thereof. Petitioner's argument also fails to recognize that substance abuse treatment was only one of many terms and conditions of his improvement period. As such, petitioner's submission to substance abuse treatment by the time of the dispositional hearing, without evidence of petitioner's compliance with any of the other terms and conditions of the improvement period, can hardly be said to constitute substantial compliance. Based on the foregoing, we find no error in the circuit court's decision to deny petitioner an extension of his post-adjudicatory improvement period, and petitioner is entitled to no relief on appeal.

For the foregoing reasons, we find no error in the decision of the circuit court, and its September 12, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**:  April 28, 2020


**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison